IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
HERBERT CHARLES SEEGARS,       )
                               )
              Plaintiff,       )
                               )
       v.                      )     1:24CV344
                               )
U.S. GOVERNMENT,               )
                               )
              Defendant.       )
```

## MEMORANDUM ORDER

This is a pro se action by Plaintiff Herbert Charles Seegars. In his five-page complaint and over seventeen hundred pages of attachments, Seegars alleges vaguely that the "U.S. Government" is responsible for some unspecified "personal injury" he sustained. (Doc. 1.) Before the court is Defendant United States' motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 6.) The court issued Seegars a Roseboro letter[1] on September 10, 2024 (Doc. 8), and he filed a response in opposition to the motion (Doc. 9). For the reasons that follow, the United States' motion will be granted and the complaint dismissed.

I. BACKGROUND

Seegars filed this action on April 25, 2024, using the court's pro se complaint form. (Doc. 1.) The caption fails to name a

---

[1] See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam).

defendant, but Seegars identifies the "U.S. Government"[2] as a defendant in the internal portion of the complaint. (Doc. 1 at 1.) The complaint generally avers that the "U.S. Government" is responsible for Seegars's "personal injury" and requests "two billion dollars for physical hurt and harm and two Presidential Foundation and Future Presidency [sic]." (Doc. 1 at 4.) Under the "Statement of Claim" portion of the complaint, Seegars states only, "Condition and claim going through Sergeant Slade to get to the Pentagon; called the deep pocket theory, loss of mind and health is deteriorating." (Id.) Attached to and in support of his complaint, Seegars has filed some 1,777 pages of materials that are voluminous and largely incomprehensible. (Docs. 1, 3.)

The United States moves to dismiss the complaint, arguing (1) the court lacks subject matter jurisdiction because Seegars did not allege that the United States has waived its sovereign immunity; (2) Seegars's complaint and pleadings violate Rule 8 of the Federal Rules of Civil Procedure; and (3) the complaint fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 7 at 4-7.) Seegars's response does not address these arguments. (Doc. 9.)

## II. ANALYSIS

Seegars appears pro se. Thus, his complaint "should not be

---

[2] Original capitalization or lack thereof throughout the complaint is disregarded for ease of reading.

scrutinized with such technical nicety that a meritorious claim should be defeated." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). But the liberal construction of a pro se litigant's filing does not require the court to ignore clear defects in it, Bustos v. Chamberlain, No. 3:09-1760, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), or to become an advocate for the pro se party, Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (noting that "[d]istrict judges are not mind readers"). Moreover, pro se parties are expected to comply with applicable procedural rules. See Chrisp v. Univ. of N.C.-Chapel Hill, 471 F. Supp. 3d 713, 715-16 (M.D.N.C. 2020) (requiring pro se plaintiff to comply with the Federal Rules of Civil Procedure).

Here, Seegars's complaint fails in a fundamental way. It is axiomatic that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." Id. Unless it is waived, this court may not entertain the suit. Id. The plaintiff bears the burden of demonstrating "that an unequivocal waiver of sovereign immunity exists" and, if a claim is brought pursuant to a statute that provides a limited waiver of immunity such as the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 et seq., "that none of the statute's waiver

3

exceptions apply to his particular claim." Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005) (citing Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995)).

Seegars's complaint does not allege that the United States has waived its sovereign immunity with respect to his claim, whatever it may be. Even were the court to construe his claim as one for personal injury pursuant to the FTCA, Seegars fails to allege that he has exhausted his administrative remedies, a necessary prerequisite. 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency . . ."); Crews v. United States, No. 1:23-cv-697, 2023 WL 11691499, *1 (E.D. Va. Dec. 4, 2023) (dismissing complaint because, inter alia, Plaintiff did not allege that he complied with the exhaustion requirement); Shipley v. U.S. Postal Serv., 286 F. Supp. 2d 657, 661 (M.D.N.C. 2003) ("Failure to file a proper administrative claim with the appropriate agency divests a federal court of subject matter jurisdiction." (citing Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986))). Accordingly, this court lacks jurisdiction to entertain the suit, and the action will be dismissed without prejudice. See Meyer, 510 U.S. at 475; Van Emburgh ex rel. Estate of Van Emburgh v. United States, 95 F.4th 795, 800-801 (4th Cir.

4

2024) (affirming that the FTCA administrative exhaustion requirement imposed by 28 U.S.C. § 2675 remains jurisdictional); Shipley, 286 F. Supp. 2d at 661.

Because the court dismisses Seegars's complaint without prejudice, the court would be remiss not to note that his complaint suffers in other important respects. Though Seegars is proceeding pro se, he must still abide by the legal standards, rules of procedure, and deadlines applicable to all litigants. See Alston v. Becton, Dickinson & Co., No. 1:12-cv-452, 2014 WL 338804, at *3 (M.D.N.C. Jan. 30, 2014). That includes Rule 8 of the Federal Rules of Civil Procedure, which requires that complaints "contain a short and plain statement of the claim showing that the pleader is entitled to relief" and that allegations be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). And it includes Rule 12(b)(6), which subjects a claim to dismissal if it fails to state a claim upon which relief can be granted. In that regard, a complaint must set forth sufficient facts to render a claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))).

On the one hand, Seegars's complaint is bereft of any statement of claim, yet on the other hand his attachments are

5

extraordinarily voluminous and largely incomprehensible. The court can indeed look to the complete record of a pro se plaintiff's filings to attempt to ascertain whether he has made out a claim, Warren v. City of Greensboro, 280 F. Supp. 3d 780, 784 (M.D.N.C. 2017), but that requirement is pushed beyond the breaking point where over seventeen hundred pages of attachments are filed. It is not this court's obligation to review attachments to attempt to identify the basis for a claim that is not asserted. Murthy v. Missouri, 603 U.S. 43, 67 n.4 (2024) ("[J]udges are not like pigs, hunting for truffles buried in the record." (citation and original alterations omitted)); Hensley ex rel. North Carolina v. Price, 876 F.3d 573, 580 n.5 (4th Cir. 2017) (noting, "it is not [the Court's] job to wade through the record and make arguments for either party" (citation and internal quotation marks omitted)).

Seegars should also be aware that by filing an action in federal court, he represents that his "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and his "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Violations of Rule 11 are punishable

6

through sanctions, and pro se litigants who file frivolous or repetitive lawsuits may be subject to "any and all appropriate sanctions for their misconduct." Zaczek v. Fauquier Cnty., 764 F. Supp. 1071, 1077 (E.D. Va. 1991).  Should Seegars re-file his action, he is cautioned to comply with all applicable rules.

### III. CONCLUSION

For the reasons stated,

IT IS ORDERED that the United States' motion to dismiss (Doc. 6) is GRANTED and this action is DISMISSED WITHOUT PREJUDICE.

                                           /s/   Thomas D. Schroeder
                                             United States District Judge

December 6, 2024